UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL HOUSE,<br><br>    Plaintiff,<br><br>v.<br><br>ANDRE MATEVOUSIAN, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-01698-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING ACTION BE DISMISSED AS MOOT<br><br>[ECF No. |

Plaintiff Darryl House is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on December 18, 2017.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare

1

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names Andre Matevousian (Warden at United States Penitentiary in Atwater [USP-Atwater], California), Associate Warden, Ms. Rodriguez (Education Supervisor at USP-Atwater), Lieutenant Scott, and Lieutenant Hamilton, as Defendants in their official capacities.

Plaintiff suffers from degenerative hereditary retinal disorder called retinitis pigmentosa which has caused him to be legally blind. Plaintiff's estimated remaining 10% of his vision is obstructed by cataracts in both eyes. Plaintiff suffers from complete loss of his peripheral and nocturnal vision.

Plaintiff has been housed at USP-Atwater since February 2017, and since his arrival he has made several attempts to be provided with braille classes or to be provided access to some sort of service that will assist him in being able to function in a meaningful manner, independent of assistance from others.

In the brief two months that Plaintiff was housed in general population at USP-Atwater, he has had to have another inmate send an electronic request to staff asking for the braille services that several ophthalmologists have documented as an urgent need in his medical file. Plaintiff was directed to speak with Ms. Rodriguez in education. In March, Plaintiff spoke with Ms. Rodriguez and

explained his retinal disorder and his need to learn braille or be provided with some service that could assist him in being able to function without his sight. Ms. Rodriguez informed Plaintiff that she would look into the matter and get back to him once she consulted with her supervisors. Plaintiff has been in the special housing unit since May 11, 2017, and Ms. Rodriguez randomly goes around to check if inmates are in need of anything and Plaintiff has frequently asked his cellmates to inquire about the braille services or if there were any other accommodations that would enable him to correspond with the courts and his family free of instruction into his privacy. Ms. Rodriguez would indicate that she was going to check on the matter but nothing ever happened.

Plaintiff was examined by the institution's ophthalmologist on November 3, 2017 and November 17, 2017, and it was acknowledged that Plaintiff suffers from advanced stage of retinal disorder and was legally blind. After examination by the ophthalmologist, Plaintiff asked Lieutenant Scott for help in getting access to the ability to independently communicate with the court and his family, but he never assisted Plaintiff.

On December 12, 2017, Plaintiff and his cellmate Zachary Ballard personally spoke with Warden Andre Matevousian and Plaintiff's cellmate wrote a request asking for access to audio materials and braille instructions taught by a qualified instructor. Plaintiff has yet to receive a response to his request.

On December 20, 2017, Plaintiff spoke with Associate Warden Hess regarding the lack of assistance provided for him to correspond with the court and family. Warden Hess initially requested thirty days to respond to Plaintiff's request.

On December 28, 2017, Mr. Torres from education personnel asked Plaintiff to sign a form allegedly authorizing a braille library loan program connected to and sponsored by the Library of Congress. Plaintiff asked Mr. Torres if the device would allow him access to legal and other audio books, as well as an audio bible. Plaintiff also asked whether he would be given braille instructions in order to be able to operate the machine. Mr. Torres indicated he could not answer the questions and would return after asking his supervisor. The next day, Mr. Torres did not have the answers to Plaintiff's questions. Plaintiff refused to sign the authorization form for the braille unless a qualified instructor would be provided to teach him how to use it.

3

On December 29, 2017, Plaintiff again spoke with Associate Warden Hess and Plaintiff informed him that he refused to sign the form for the braille because it was not clear if he would have access to audio materials. Plaintiff also informed Associate Warden Hess that he was unable to buy stamps from the commissary because his account was encumbered by the Warden. In order to meet a January 2, 2018, deadline Plaintiff had to borrow from other inmates. Warden Matevousian has encumbered Plaintiff's trust account because of an outstanding $75.00 balance that Plaintiff is currently unable to pay. Plaintiff has been unable to buy stamps to send out legal and personal mail. Plaintiff believes the Warden's actions were done in retaliation for having filed this action because he was previously allowed to go to commissary and order postage stamps every week.

Lieutenant Scott was made aware of Plaintiff's circumstances on several occasions but he did not respond to Plaintiff's request. Scott specifically asked Plaintiff what sort of accommodations could be provided to assist him with communication so he could provide such information to the Captain. Plaintiff told Lieutenant Scott that he wanted access to the same literature and legal books as other inmates, and an audio bible.

Plaintiff asked Lieutenant Scott on several occasions to reinstate his phone privileges because he is unable to pay on his special assessment fees for his conviction.

Lieutenant Hamilton has expressed his belief that the administration at USP-Atwater is absolved from responsibility and liability because the institution was not responsible for the errors made in Plaintiff's classification.

Plaintiff requests a declaratory judgment and a preliminary injunction directing that Defendants stop discriminating against him and immediately provide him access to audio materials and a certified braille instructor.

### III.
### DISCUSSION

**A.  Plaintiff's Claim is Moot**

As stated above, Plaintiff requests a preliminary injunction directing that Defendants stop discriminating against him and immediately provide him access to audio materials and a certified braille instructor. Thus, the relief Plaintiff seeks is injunctive relief. Without deciding whether Plaintiff's

Bivens claim may be cognizable in this case in light of the decision in Ziglar v. Abbasi, 137 S.Ct. 1843, 1868 (2017) which set forth a two-part test to determine whether a Bivens claim may proceed, it is clear that Plaintiff's claim is now moot.

An inmate's claim for declaratory judgment and injunctive relief is rendered moot while his claims are pending by his transfer to another facility, absent demonstration of any reasonable expectation of moving back to the first facility. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (citing Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986) (concluding prisoner's claims for injunctive relief were moot because prisoner was transferred to a different facility). On May 9, 2018, Plaintiff filed a notice of change of address indicating that he was transferred to the United States Penitentiary, Victorville. (ECF No. 18.) Thus, Plaintiff is no longer incarcerated at USP-Atwater where the alleged discrimination took place. Although there is an exception to mootness if it is "capable of repetition yet evading review." United States v. Brandau, 578 F.3d 1064, 1067 (9th Cir. 2009). Here, however, the minimal possibility that Plaintiff could be transferred back to USP-Atwater is not sufficient to justify application of this exception. See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995) (finding prisoner's "claim that he might be transferred back [to the same prison] some time in the future [was] 'too speculative' to prevent mootness.") Therefore, assuming the relief Plaintiff seeks would even be available in this action, it is now moot and the action must be dismissed.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed as MOOT.

///
///
///
///
///
///
///
///

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __May 11, 2018__

UNITED STATES MAGISTRATE JUDGE